El Pueblo *v.* Torres.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 98.—Resuelto en octubre 29, 1907.

Multa—Prisión Subsidiaria—Costas—Cortes Municipales—Cortes de Distrito.—La prisión subsidiaria que por defecto del pago de multa y costas pueden decretar las cortes municipales, ha de imponerse á razón de un día por cada cincuenta centavos ·de la multa y costas que dejaren de satisfacer, sin que tengan dichas cortes discreción alguna para reducir ese término de prisión. Las cortes de distrito tienen facultades para imponer prisión por defecto de pago de multa que *no excederá* de un día por cada dollar que el acusado dejare de satisfacer, pudiendo ser un término menor.

Apelación—Pruebas—Relación de Hechos.—Para que el Tribunal Supremo pueda considerar en una apelación las pruebas practicadas en el juicio, deben incluirse en un pliego de excepciones ó relación de hechos.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

En el presente caso el acusado fué declarado culpable de un delito contra el derecho electoral. Aparece de los autos que el acusado falsamente juró tener veinte y un años de edad, cuando efectivamente no tenía sino diez y siete, con objeto de ser inscrito como elector en el Precinto Rosario y el pueblo de San Germán.

Se presentó denuncia contra él en el juzgado municipal de San Germán, imputándosele en la misma, con suficientes alegaciones, dicho delito, y fué declarado culpable en 12 de diciembre de 1906 por dicha corte, condenándole á pagar una multa de ($50) cincuenta dollars y las costas, ascendentes á ($7.85) siete dollars ochenta y cinco centavos, ó en su defecto, á un mes de prisión en la cárcel municipal de San Germán. La prisión alternativa debió haber sido de (115) ciento quince días, de acuerdo con el artículo 54 del Código de Enjuiciamiento Criminal. Las cortes municipales deben imponer prisión al-

ternativa á razón de un día por cada medio dollar de la suma, en la cual ha sido fijada la multa y las costas; y no es discrecional en dichas cortes la facultad de rebajar este tiempo. Verdaderamente que el castigo impuesto al acusado es muy benigno para el delito del cual se le declaró culpable. Estos delitos afectan á la raíz misma de un gobierno libre, debiendo por consiguiente, ser castigados severamente de modo que de una manera efectiva se extingan en la Isla. Pero nosotros nada tenemos que ver con los errores de la corte municipal.

Se estableció apelación celebrándose nuevo juicio en la Corte de Distrito de Mayagüez, dictando dicha corte igual sentencia que la municipal. Y, cosa rara, esta sentencia era correcta. Por alguna razón concede la legislatura el ejercicio de su facultad discrecional á los jueces de distrito al fijar el término de prisión alternativa en defecto de pago de multa. El artículo 322 del Código de Enjuiciamiento Criminal exige que la prisión alternativa, al fijarse por las cortes de distrito no excederá de un día por cada dollar de la multa impuesta. En el presente caso la prisión pudo haberse fijado hasta por cincuenta días, pero la corte tenía facultad para rebajarla; como lo hizo, fijándola en un mes ó treinta días de cárcel. Esta sentencia fué dictada en 1°. de febrero, 1907. Se interpuso recurso de apelación en 4 de febrero último. Esta apelación realmente tuvo por objeto demorar el procedimiento. No se perfeccionó hasta 13 de junio, más de cuatro meses después de haberse presentado el escrito de apelación. Las demoras que necesariamente se han ocasionado en esta corte y las vacaciones de verano de la misma han ocasionado mayor tardanza, de modo que la vista del caso no tuvo lugar hasta el 25 de octubre.

En los autos no aparece exposición ó relación de hechos, ni pliego de excepciones, no habiéndose tampoco presentado alegato alguno á favor del apelante, ni estuvo éste representado por abogado durante la vista de la causa. Sin embargo, prestó fianza por ($100) para gozar de libertad mientras se resolvía el recurso de apelación.

De alguna manera se han incluído en los autos dos docu-
mentos: el certificado de bautismo del acusado y un certificado
de A. M. Lyons, superintendente de elecciones, creditiva de
que el acusado fué inscrito como elector. Con objeto de colo-
car tales documentos en los autos y hacerlos formar parte de
los mismos, deben incorporarse á una relación de hechos ó un
pliego de excepciones, los que deben venir autorizados por el
juez de distrito en la forma ordinaria.

Habiendo examinado cuidadosamente los autos, según han
sido presentados á esta corte, creemos que no existe error al-
guno en la sentencia condenatoria dictada por la Corte de
Distrito de Mayagüez en el presente caso, en 1º. de febrero de
1907; debiendo ser confirmada la misma, con las costas al
apelante.

*Confirmada.*

Jueres concurrentes: Sres. Presidente Quiñones y Asocia-
dos, Hernández, Figueras y Wolf.